UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB 24  P  1: 57

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |  |
|---|---|---|
| PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-11527-DPW |
| | ) | |
| SEAN BRUNETTI, d/b/a V.F. TAPING, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEY'S FEES AS PART OF THE ORDER OF DEFAULT JUDGMENT

Pursuant to the request of the Court, Plaintiff Painters and Allied Trades District Council No. 35 hereby submits this Memorandum in support of its request for attorney fees and costs as part of an Order of Default Judgment against Defendant.

This is an action to enforce an arbitration award pursuant to 29 U.S.C. § 185. Plaintiff and the Painters & Finishing Employers Association of New England, Inc. ("Contractors Association"), are parties to a collective bargaining agreement ("the Agreement") with effective dates of July 1, 2002 to June 30, 2006, which is attached hereto, in relevant part, as Exhibit A. Defendant Sean Brunetti, d/b/a V.F. Taping, is bound to the Agreement by virtue of having signed a Memorandum of Understanding for Non-Association Independent Contractors on March 25, 2003. A copy of the Memorandum of Understanding is attached hereto as Exhibit B.

The Agreement provides for a grievance and arbitration provision for handling disputes that arise under the Agreement. The New England Painting, Finishing &

Glazing Industries DC 35 Joint Trade Board ("Joint Trade Board"), which is made up of representatives from both Painters and Allied Trades District Council No. 35 and the Contractors Association, is authorized to hear and adjudicate all questions of interpretation of the Agreement and all grievances and complaints against members of either party to the Agreement, or independent signatory employers, for alleged violations of the Agreement. The Joint Trade Board's decisions are final and binding.

Plaintiff brought charges under the grievance and arbitration provision of the Agreement against Defendant on or about January 16, 2004. A hearing before the Joint Trade Board was held on February 3, 2004, and on February 6, 2004, the Joint Trade Board issued an award, attached hereto as Exhibit C, sustaining the Plaintiff's grievance and ruling that Defendant owed $7,269.89 in unpaid contributions to the District Council No. 35 Trust Funds. In addition, the Joint Trade Board's award specifically stated:

> In the event that the company fails to comply with any terms of this Award and the union prevails at any proceeding to obtain judicial enforcement of the Award, the union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed, and hereby is, a part of this Award . . .

Thus, the Joint Trade Board's award specifically provides for an award of attorney's fees where the company fails to abide by the award and thereby forces the union to bring an enforcement action in federal court. That is exactly what occurred here.

In addition, Article XX, Section 11(B) of the Agreement provides that "the offending Employer shall pay the reasonable attorney's fees incurred by the UNION and any other interested party in seeking enforcement of an award of the Joint Trade Board."

As both the Agreement and the Joint Trade Board's February 6, 2004 award provide that the Defendant must pay the Plaintiff's reasonable attorney's fees incurred in

enforcing an award of the Joint Trade Board, attorney's fees are an appropriate part of the

Court's Order of Default Judgment.

Respectfully submitted,

Plaintiff,
Painters and Allied Trades
District Council No. 35
By its attorney,

Jonathan M. Conti, BBO#657163
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

DATED:  February 23, 2005

## Certificate of Service

I, Jonathan M. Conti, Esq. hereby certify that a copy of Plaintiff's Memorandum
in Support of an Award of Attorney's Fees as Part of the Order of Default Judgment and
accompanying documents was served this 23rd day of February by certified mail/return
receipt upon Sean Brunetti, d/b/a V.F. Taping, 8 Association Avenue, Bridgewater, MA
02324.

Jonathan M. Conti

Agreement Between

# Painters & Finishing Employers Association of New England, Inc.

&

# Glass Employers Association of New England, Inc.

and

# Painters and Allied Trades District Council #35

Effective July 1, 2002

Expires June 30, 2006






# ARTICLE XVIII
## JOB AND OVERTIME REGISTRATION

### SECTION 1.  JOB REGISTRATION

Employers shall register all jobs expected to continue for more than five (5) work days, including out-of-area jobs, by telephone with the UNION no sooner than one week prior to starting work, nor later than noon of the second working day. A communication mailed to the UNION office on the day of starting shall be deemed to be proper registration. Any Employer failing to so report any job involving over five (5) work days work shall be assessed liquidated damages of $75 first offense, $100 for the second offense i.e.: $75, $100, $125, $225, $335, $425 etc. The Joint Trade Board hereby authorizes the UNION to automatically assess liquidated damages made payable to the Joint Trade Board in the above-mentioned amounts. All jobs registered with the UNION in each preceding period will be submitted to the ASSOCIATION.

### SECTION 2.  OVERTIME REGISTRATION

The Joint Trade Board hereby authorizes the UNION to automatically assess liquidated damages made to Joint Trade Board in cases on non-notification of overtime. Overtime notification may be made on the next working day in case of unexpected overtime scheduling except on weekend work. If work is scheduled after 1:00 P.M. Friday, the UNION will provide a phone answering system which the Employer will be required to record weekend work on. Failure to do so will subject the Employer to liquidated damages. Liquidated damages will be $75 first offense, $100 for the second offense, $125 for the third offense and an additional $100 for each subsequent offense i.e.: $75, $100, $125, $225, $325, $425, etc.

# ARTICLE XIX
## JOINT TRADE BOARD

### SECTION 1.  MEMBERSHIP

There shall be a Joint Trade Board comprising six (6) members designated by the ASSOCIATION, and six (6) members designated by the UNION. The name of the Board shall be: New England (MA, ME, NH, VT) Painting, Finishing & Glazing D.C. No. 35 Joint Trade Board.

### SECTION 2.  INDEPENDENTS

When hearing a complaint against an independent signatory Employer, such Employer may, at its discretion, select to have an independent signatory Employer to sit in the place of an ASSOCIATION member on the Board.

### SECTION 3.  OFFICERS

The Board shall have a Chairman and Secretary-Treasurer elected by the Board.

When the Chairman is from the UNION, the Secretary-Treasurer shall be from the ASSOCIATION and vice-versa.

### SECTION 4.  LIABILITY

No member of the Joint Trade Board shall be held liable by a party to this Agreement for any action that member takes within the scope of his duties as a member of the Joint Trade Board.

### SECTION 5.  AGREEMENT INTERPRETATION

All questions of interpretation of this Agreement and all grievances or complaints against members of either party to this Agreement, or independent signatory Employer for alleged violations of the same shall be heard and adjudicated by the Joint Trade Board.

### SECTION 6.  WORKERS' COMPENSATION FRAUDULENT CLAIMS

For the purposes of this provision, a "fraudulent claim" means a claim, which the claimant knew or reasonably should have known, is not a compensable claim under the law. Any allegation that an Employee working under the terms of this Agreement has brought a fraudulent claim may be presented to the Joint Trade Board.

In the event that the Joint Trade Board determines that there is reasonable cause to believe that a fraudulent claim has been made, it may schedule a hearing. After due notice to the parties, the Joint Trade Board shall hear the evidence and issue its decision.

In the event the Joint Trade Board determines that a fraudulent claim has been made, it shall have the authority to suspend the claimant from employment with any or all parties to this Agreement for a period up to six (6) months.

### SECTION 7.  OTHER DUTIES

The Joint Trade Board shall perform such other duties as may be prescribed by the Agreement.

### SECTION 8.  MEETING CALLED

It shall meet regularly once a month at the call of either of the parties hereto upon not less than forty-eight (48) hours notice.

### SECTION 9.  QUORUM

Notwithstanding anything to the contrary, a quorum of the Joint Trade Board shall consist of not less than three (3) members from the ASSOCIATION and three (3) members from the UNION and in which case the decision of such number shall have the same force and effect as if the whole six (6) from the ASSOCIATION and the UNION had acted. However when the Joint Trade Board is called into session on 48 hours notice the quorum shall consist of no fewer than two members from the ASSOCIATION and two from the UNION.

SECTION 10. VOTING STRENGTH

When voting on a question, complaint or finding on any matter, the ASSOCIATION, and the UNION shall each have equal votes irrespective of the number of representatives actually present and voting.

SECTION 11. DECISIONS BINDING

The decision and findings of the Joint Trade Board including any assessment of liquidated damages or any other remedy shall be final and binding upon the ASSOCIATION and the UNION and any independent signatory Employer. Decisions may be made retroactive. Such decisions and findings shall be final unless properly appealed in conformity with Article XX of this Agreement.

SECTION 12. SUB-COMMITTEES

The Joint Trade Board shall have the power to compose and to delegate one or more sub-committees consisting of an equal number of members of the ASSOCIATION and the UNION who need not be members of the Joint Trade Board to perform such duties for the Joint Trade Board as it may direct.

SECTION 13. RECORDS TO BE KEPT

Every Employer signatory to this Agreement shall keep accurate records of hours worked and monies paid as provided for in this Agreement, as well as copies of all reports required by this Agreement, for a period of three (3) years beyond the termination of the Agreement.

SECTION 14. POWER TO SUMMON

The Joint Trade Board shall have the power to summon before it and to question and examine any member of the ASSOCIATION or an Independent contractor of the UNION. It shall have the power to require production of books, papers or other evidence it may deem necessary in deciding a case.

SECTION 15. COMPLAINTS IN WRITING

All complaints to the Joint Trade Board shall be in writing, stating the nature of the complaint.

SECTION 16. FAILURE TO REACH DECISION

Upon failure of the Joint Trade Board to adjust a grievance or to agree on a decision or finding, the matter shall be submitted to an impartial arbitrator, (mutually acceptable to the UNION and the ASSOCIATION) within 72 hours, if petitioned to do so by either party to the complaint.

SECTION 17. WORK CONTINUITY

There shall be no strike, lockout, stoppage of work or other interference pending disposition of any matter by the Joint Trade Board or on appeal.

SECTION 18. INCOME

The Joint Trade Board shall have authority to receive damages and Industry

Betterment monies collected under the terms of this Agreement and authority to utilize the monies received to defray operation expenses and for other purposes. All damages assessed under the terms of this Agreement shall be paid to the Joint Trade Board or Trust Funds as previously designated. Obligations incurred to pay damages under any portion of this Agreement or associated Trust Funds shall not terminate with the expiration of this Agreement or the prior Agreement.

SECTION 19. EXPERIMENTS

In order to fulfill the above purposes, the Joint Trade Board shall have the authority to experiment with revisions to work rules, use of tools, spray and overtime Section of this Agreement in order to recapture repaint work and work being done non-union and to obtain jurisdiction of new products and processes in our industry. All experiments shall be carefully documented and results made available to the ASSOCIATION and the UNION.

SECTION 20. OFFICE AND STAFF

The Joint Trade Board shall establish an office and employ necessary clerical help to handle the necessary book work, statistical forms and records so that the Joint Trade Board will be well informed about its activities. It shall also provide a means for supplying such information to the respective signatory organizations.

SECTION 21. RECORD OF AGREEMENT AND JOBS:

To insure uniform bipartisan administration of the Agreement, the UNION agrees to furnish to the ASSOCIATION every month a complete list of all collective bargaining agreements signed by the UNION and a complete list of all jobs registered including the registration number, the job, name and location and the Employers name and address.

SECTION 22. TEMPORARY EMPLOYEES:

If both parties agree that a labor shortage exists, the Agreement shall be reopened to authorize the Joint Trade Board to take whatever action it deems necessary to remedy the situation.

## ARTICLE XX

## APPEAL PROCEDURE AND COURT ENFORCEMENT

SECTION 1. BASIS FOR RECONSIDERATION BY THE BOARD AND DEADLINE FOR APPEAL.

The Joint Trade Board will not reconsider any decision unless new evidence is found which could not have been produced with reasonable effort prior to the initial hearing.

New evidence must be provided to the Joint Trade Board in writing within ten (10) days of the receipt of the written decision of the Board, and whether to reconsider the initial decision shall be solely at the discretion of the Joint Trade Board.

Payment for any and all damages assessed by the Joint Trade Board must accompany any request for rehearing.

SECTION 2.  APPEAL PROCEDURE AND DIVISION OF COST

(A.) If no evidence is available, appeal may be made to an impartial arbitrator appointed pursuant to the voluntary Labor Rules of the American Arbitration Association within the same ten (10) days referred to above. The proceedings before the impartial arbitrator shall be in the nature of an appeal and the decision of the Joint Trade Board shall be upheld unless clearly erroneous.

(B.) The parties to the appeal shall share equally the arbitrator's fees and the administrative and other expenses associated with the arbitration.

(C.) Each party shall bear its own costs in obtaining legal representative in connection with the appeal.

SECTION 3.  STATEMENT OF GROUNDS FOR APPEAL AND DEADLINE FOR SUBMISSION

(A.) In order for the party desiring to commence an appeal in a timely manner, a written notice of the party's desire to appeal shall be delivered to the office of the Joint Trade Board, and be actually received by the Board within the same ten (10) days referred to above.

(B.) The appeal shall include a statement of the grounds for the appeal.

SECTION 4.  DEPOSIT TO ESCROW ACCOUNT REQUIRED

(A.) The party desiring to appeal must also deliver together with the notice of appeal all a) damages, b) interest, c) fees, and d) other amounts assessed in the disputed Award to the office of the Joint Trade Board, which amounts shall be held in an escrow account pending the final outcome of the proceeding.

(B.) In lieu of the full cash amount, the appealing party may furnish a bond in an equivalent amount from an A-rated Massachusetts company that is acceptable to the UNION and the Board in a form approved by the UNION and the Board.

SECTION 5.  BOARD'S AUTHORITY TO ACCEPT A LESSOR ESCROW DEPOSIT AND ACCEPTANCE OF BONDS

(A.) The Joint Trade Board shall have the authority and complete discretion to agree to accept cash and/or a bond for less than the full amount assessed pending an appeal, but in no event shall that lesser amount be less than $20,000 regardless of the amounts at issue, unless the amount of the total damages and award is less than $20,000 in which case the amount is required for an appeal.

(B.) A party desiring to pay cash and/or furnish a bond for less than the full amount assessed must deliver to the office of the Joint Trade Board together with the notice of appeal, cash and/or a bond covering the first $20,000 and

34

a written application, signed under penalties of perjury, requesting the Board to reduce the amount and stating, in detail, the reasons for the request.

SECTION 6.  DEFECTIVE NOTICE OF APPEAL.

(A.) Notice of appeal received by the Joint Trade Board within the required ten (10) day period without both (a) the first $20,000 and (b) a proper request for a reduction of any additional amounts, shall not be deemed to have been timely filed, and the Joint Trade Board's initial Award shall be final and binding.

SECTION 7.  BOARD'S DECISION TO LOWER OR NOT LOWER ESCROW DEPOSIT IS FINAL

(A.) Upon written request to lower the amount of escrow deposit the decision of the Joint Trade Board, to lower, or not to lower, the amount of the cash and/or the bond that must be placed in escrow pending an appeal shall be final and shall not be subject to the appeal procedure.

(B.) Likewise, failure of the Board to agree to an application to reduce the amount of cash and/or bond that must be placed in escrow pending an appeal, shall not be subject to appeal procedure.

(C.) Following the Board's decision to deny a lower escrow reduced cash or bond, the party desiring to appeal shall be required to forward in cash and/or bond the full amount initially Awarded to the Joint Trade Board for deposit in the escrow account, within ten (10) days of receipt of notice of the Board's adverse decision or inaction.

SECTION 8.  EFFECT OF SUBSEQUENT BOARD DECISION TO LOWER OR NOT TO LOWER ESCROW DEPOSIT

If, subsequent to the date of initial Award, the Board does decide to grant a request to lower the amount of the cash and/or the bond that must be furnished pending appeal, the additional cash and/or bond amount must be received within ten (10) days of receipt of the Board's subsequent decision or the Joint Trade Board's initial Award shall be final and binding.

"If the Board decides not to lower the escrow deposit or fails to agree on a request to lower the amount of the case and/or bond that must be furnished pending appeal the Joint Trade Board's initial Award shall still be final and binding; and the balance of the originally awarded amount of cash and/or bond must be received within ten (10) days of receipt of notice of the Board's adverse decision or inaction."

SECTION 9.  DISTRICT COUNCIL #35 AUTHORIZED TO REMOVE ALL EMPLOYEES

In the event an appeal is made and the damages assessed are not paid, or contractual conditions are not adhered to following the ten (10) day period after receipt of the Joint Trade Board's decision, District Council No.35 is hereby authorized to remove all Employees from all jobs of the Contractor involved in the infraction.

35

SECTION 10. ADDITION OF LEGAL EXPENSES TO DAMAGES

(A.) In the event that damages as determined by a Board decision are not paid within the stipulated time and legal action is necessary; attorney's fees and court costs for said legal action will be added on the damages plus interest in the amount of 1.5% per month up to $500 and 2% above prime rate per month over $500 or any other higher amount allowed by law or regulation.

(B.) Interest will be calculated from the date ten (10) days after receipt of notification by the Joint Trade Board decision.

SECTION 11. COURT ENFORCEMENT AND LEGAL FEES

(A.) The UNION and other interested parties may enforce an award of the Joint Trade Board in any court of competent jurisdiction. Such court enforcement may be undertaken even though the UNION is simultaneously withholding employees from the offending Employer and even though the UNION or any other party is simultaneously undertaking any other action to secure compliance with the award.

(B.) The offending Employer shall pay the reasonable attorney's fees incurred by the UNION and any other interested party in seeking enforcement of an award of the Joint Trade Board.

SECTION 12. DISTRICT COUNCIL NO. 35, JOINT TRADE BOARD AND ASSOCIATION PROTECTED

Neither the UNION, the Joint Trade Board, the ASSOCIATION nor any independent Employer who is party to this Agreement shall be liable for any actions, including the withholding of Employees taken in good faith for the purpose of enforcing an award of the Joint Trade Board.

SECTION 13. LIQUIDATED DAMAGES

(A.) The Joint Trade Board may assess reasonable damages or impose any other reasonable remedy upon an Employer who has violated of this Agreement, whether or not that a particular Section specifically provided for such damages or remedy. The Joint Trade Board is further authorized to impose an administrative charge on any party found to have violated this Agreement.

(B.) The parties agree and acknowledge that whatever the terms of the Agreement provide for monetary payments to the Joint Trade Board, said payments are in the nature of liquidated damages for breach of the Agreement. Nothing herein contained shall be in violation of the applicable Sections of the National Labor Relations Act of the so-called Taft-Hartley Act or any other federal or state law.

(C.) The Joint Trade Board shall utilize the damages recovered to satisfy any Employee claims against the offending Employer and to pay any delinquencies due the Funds. The Joint Trade Board shall have authority to expend any remaining monies for such purposes as will in it judgment benefit the Industry including the making of charitable contributions.

SECTION 14. COMPLAINANT PROTECTED

No Employer shall dismiss any Employee for making a complaint or giving evidence with respect to an alleged violation of any provision of the Agreement prior to the hearing by the Joint Trade Board of such complaint. Such complainant shall have the protection of the Joint Trade Board. In the event of a refusal of an Employer to give employment, prior to and after hearing. The Employer shall be liable for the pay of such Employee for such time lost.

SECTION 15. STEWARD DESIGNATED

When the Joint Trade Board finds that an Employer is guilty of violating the Agreement, it may, at its discretion, authorize the Union to designate the shop steward who shall be employed by such Employer for a period not exceeding six (6) months, as the Joint Trade Board may decide.

ARTICLE XXI
SUSPENSION OF CONTRACTOR PRIVILEGES

(A.) A contractor who willfully neglects or refuses to come before the Joint Trade Board, or fails to abide by the decision of the Joint Trade Board, may have any privileges, any permits normally issued by the UNION or any other privileges of this Agreement suspended. The Joint Trade Board may request the UNION to withhold Employees. If said Employees are withdrawn, the contractor shall pay full wages and fund payments for such time lost up to a maximum of five (5) working days per Employee.

(B.) Notwithstanding any other provision in this Agreement, the UNION shall have the power to withhold Employees, upon the recommendation of the Joint Trade Board and shall not be held liable for withholding Employees upon the recommendation of the Joint Trade Board. The UNION hereby agrees to abide by the request within seven (7) days and take such action until such time as the Joint Trade Board decides that the contractor is no longer in violation of this Agreement.

ARTICLE XXII
MODERNIZING INDUSTRY

Both parties agree that new ideas and new methods in this age of modern progress will provide material benefit to Employer and Employee alike in future growth and achievement in the painting and glazing industries. Both parties agree that there is a need of a more liberal policy in place to modernize the painting and glazing businesses to stop the decline in work which can be performed under this Agreement and to expand the scope and market for union services.

Therefore, the UNION shall have the sole and exclusive discretion of granting

a. Memo of Understanding which would provide for alternate wage rates and

# MEMORANDUM OF UNDERSTANDING FOR NON-ASSOCIATION INDEPENDENT CONTRACTORS

DISTRICT COUNCIL #35

Signed: FOR THE EMPLOYER

FOR THE UNION

BY: *Sean Brunett*

BY *Paul L. MacLean*
President

*Sean Brunett*
(please print)

*(signature)*
Secretary-Treasurer

TITLE: Owner

Company: VF Taping

Address: 9 Association Ave.

Bridgewater, Ma 02324

Telephone No. 508 954-3928

Date: 3/25/03

Insurance Carrier for Workmen's Compensation:

Norfolk and Dedham Group

Mass. Identification No. 33-1027607

Unemployment Compensation No.

Chairman · Secretary
**Thomas J. Gunning**
PFEANE, Inc.
GEANE, Inc.

Treasurer
**Ralph Harriman**
District Council No. 35

# NEW ENGLAND
## PAINTING, FINISHING & GLAZING INDUSTRIES
# DC 35 Joint Trade Board

Painters and Allied Trades District Council No. 35
Labor & Management Working Together in MA, ME, NH, VT

CERTIFIED MAIL

**FAC-9**

February 6, 2004

Mr. Sean Brunetti
V. F. Taping
8 Association Avenue
Bridgewater, MA 02324

Dear Mr. Brunetti:

This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on February 3, 2004. You appeared or behalf of the company in your capacity as its owner. Painters & Allied Trades District Council No. 35 Trust Funds submitted the charges to the Board.

Sharon Saganey, Fund Administrator for the Funds, presented the evidence supporting the charge.

Ms. Saganey testified that the charges against the company involved violations of the Working Agreement, specifically Article IX, Section 3, Failure to Pay.

Ms. Saganey testified that unpaid benefits are due for the period of December 5, 2003 through January 9, 2004, in the amount of $17,269.89. Ms. Saganey advised the Board that Mr. Brunetti brought a certified check in the amount of $10,000.00, leaving a balance due the funds of $7,269.89.

Mr. Brunetti stated that the balance of $7,269.89 would be paid within the next two (2) weeks and that he then plans to go out of business. Ms. Saganey advised Mr. Brunetti he would need to write a letter advising that he is no longer in business; however, the company is bound to the Working Agreement until June 30, 2006. Ms. Saganey further stated that sixty (60) days prior to June 30, 2006, Mr. Brunetti should submit his desire to terminate the Working Agreement.

Based upon the evidence, the Board unanimously voted to accept the payment schedule.

In the event that the company fails to comply with any of the terms of this Award and the union prevails at any proceeding to obtain judicial enforcement of the Award, the union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed and, hereby is, a part of this Award. In addition to attorney's fees the union shall be entitled to pre-judgment interest on any amount found to be owed by the company from a date ten (10) days after the company's receipt of the Award, which interest shall be calculated at 1-1/2 % above prime up to $500.00 and 2% above prime over $500.00 or any other higher amount allowed by law or regulation.

For your information, a copy of the Appeal Procedure is attached hereto.

Cordially,

Thomas J. Gunning
Chairman/Secretary

Enc.

cc:    Ralph Harriman, Business Manager
       Sharon Saganey, Funds Administrator
       Painters & Allied Trades District Council No. 35
       Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, P.C.

1400 Hancock Street
Quincy, MA 02169

Tel: 617/479-0220

Fax: 617/479-1478